10175. WHITLOCK PRINTING PRESS MANUFACTURING COMPANY
*v.* WILLIAMS.

BROYLES, P. J. 1. The defendant's plea, properly construed (most strongly against him), is based solely on the alleged breach by the plaintiff of certain alleged express warranties. Therefore, conceding (but not deciding) that all implied warranties were not excluded by these express warranties, the court erred in instructing the jury upon the subject of implied warranties. Such a charge was not authorized by the pleadings.

2. It was error to charge as follows: "Look to the evidence in this case and see whether or not the machinery or. printing press so sold was free from such defects as I have stated at the time of the delivery; and, if so, then it would be your duty to return a verdict in favor of the plaintiff." One error of this charge was that the court failed to tell the jury (and the error was not cured elsewhere in the charge) that the defects, if any existed, must be the specific defects stated in the defendant's plea. The charge was also misleading in that it virtually instructed the jury that the burden was on the plaintiff to show that the press was free from "such defects," when, as a matter of law, the burden was upon the defendant to sustain his plea by showing that the defects therein alleged did exist.

3. It was error to instruct the jury as follows: "Where, by a breach of contract or negligence, one is injured, he is bound to lessen the damages as far as practicable by the use of ordinary care and diligence. That is, if the defendant in this case discovered that the article sold was of inferior value, it was his duty to do everything possible to overcome these defects at as little expense as possible, and to protect to that extent the plaintiff in this case." This charge was inaccurate and misleading, in that it instructed the jury in effect that they could consider the general value of the article sold and were not restricted to a consideration of the specific defects alleged in the defendant's plea.

4. Under the written contract under which the machine was sold, and the plea of the defendant and the other facts of the case, the defendant was not entitled to a verdict in his favor, unless the jury should find

that there were defects in the machine *as set forth in the defendant's plea, and which would constitute a breach of the express warranties relied on by the defendant and stated in his plea, and which had caused damage to the defendant equal to or greater than the balance of the purchase-money sued for.* This being true, the charge of the court, as complained of in the 7th special ground of the motion for a new trial, was erroneous.

5. The court erred in permitting the defendant, over timely and appropriate objections of the plaintiff, to testify: "I always looked upon J. H. Schroeter & Brother and the Whitlock Printing Press Company as one and the same thing."

6. Under the circumstances stated in the 10th special ground of the motion for a new trial, the court did not err in excluding from the evidence certain letters as therein complained of.

7. As there must be another trial of the case, on account of the several errors referred to, the sufficiency of the evidence to support the verdict is not passed upon.

*Judgment reversed. Bloodworth and Stephens, JJ., concur.*

DECIDED MAY 16, 1919.

Attachment; from city court of Waycross—Judge Crawley. October 21, 1918.

*Parks & Reed,* for plaintiff.    *Parker & Parker,* for defendant.